# Exhibit 1

Electronically FILED by Superior Court of California, County of Los Angeles on 08/09/2021 08:56 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

Case 2:21-cv-07261-JAK-MAR Document 1-1 Filed 09/10/21 Page 2 of 43 Page ID #:7

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Massachusetts Mutual Life Insurance Company; Does 1 to 10;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Nora Haghparast Hassas

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court Stanley Mosk courthouse 111 N Hill St Los Angeles CA 90012 | **CASE NUMBER:** *(Número del Caso):*<br>21STCV29177 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew P Altholz Attorney at Law 100 Wilshire Boulevard Ste 700 Santa Monica CA 90401-3602 310 451-0789

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 08/09/2021 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by H. Flores-Hernandez | , Deputy<br>*(Adjunto)* |
| | *(Secretario)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Massachusetts Mutual Life Insurance Company**

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

Electronically FILED by Superior Court of California, County of Los Angeles on 08/09/2021 06:56 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
Case 2:21-cv-07261-JAK-MAR   Document 1-2   Filed 09/10/21   Page 3 of 43   Page ID #:8
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Linfield

Andrew P Altholz SBN 152713
Attorney at Law
100 Wilshire Boulevard Suite 700
Santa Monica California 90401-3602
310 451-0789 Phone
310 821-4905 Fax
andrewpaltholz@msn.com Email

Attorneys for Plaintiff
Nora Haghparast Hassas

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - STANLEY MOSK COURTHOUSE

| | |
|---|---|
| Nora Haghparast Hassas,<br><br>       Plaintiff,<br>   vs.<br><br>Massachusetts Mutual Life Insurance Company; Does 1 to 10;<br><br>       Defendants. | Case No: 21STCV29177<br><br>Date filed<br><br>Assigned to<br><br><br>**COMPLAINT FOR:**<br><br>   **(1) DECLARATORY RELIEF;**<br>   **(2) BREACH OF CONTRACT;**<br>   **(3) DAMAGES FOR**<br>      **UNREASONABLE & BAD**<br>      **FAITH INSURANCE CLAIM**<br>      **SETTLEMENT PRACTICES.**<br><br><br>**Unlimited Civil**<br><br>**TRIAL DATE: None Set** |

Plaintiff Nora Haghparast Hassas alleges the following complaint against

Defendants: Massachusetts Mutual Life Insurance Company; and Does 1 to 10; as

follows:

1.   Plaintiff Nora Haghparast Hassas ("Nora") is an individual, a licensed California Dentist holding license number 63115, residing and conducting business in Los Angeles County California, who is disabled, sick, and ill, claimant under a non ERISA based private disability insurance policy issued by Mass and Defendants.

2.   This Court has jurisdiction over the causes of action alleged herein, and venue is proper, as the acts, omissions, and events, which are the subject of this action, occurred at 8 Roseapple Road Rancho Palos Verdes California 90275, within this Court's unlimited Jurisdiction .

3.   Defendant Massachusetts Mutual Life Insurance Company ("Defendants" or "Mass") is a Massachusetts corporation, qualified to conduct business in the State of California issuing disability income insurance policies, and conducting business within Los Angeles County through Treloar & Heisel Inc, insurance administrators.

4.   The true names of Defendants Does 1 to 10 are unknown to Plaintiff and Plaintiff will seek leave of Court to name them after the same has been ascertained.

5.   Plaintiff is informed and believes each named Defendant and Does 1 to 10 were the agents or employees of the other Defendants, acting within the course and scope of their agency, employment or joint ventures, or their capacity is unknown to Plaintiff.

FIRST CAUSE OF ACTION

DECLARATORY RELIEF

AGAINST MASS & DOES 1 to 10

6.   Plaintiff incorporates the allegations of paragraphs 1 to 5.

7.   This action involves a controversy regarding a private policy of disability insurance, formed under a written policy contract.  The disability insurance policy number is 8,780,09, which was issued by Mass, (the "Policy"),  and purchased by Nora from Mass's independent insurance administrators and agent, Treloar & Heisel Inc.

8.   More than 60 days have elapsed after Nora provided Defendants with written proof of disability or sickness as defined by the Policy.

9.   Within the last four years, Nora is informed and believes MASS has breached the terms of the Policy, by not paying her any benefits under the policy within the last three years.

10.  Defendants have not paid Nora any of the benefits which are already due to her under the policy, even after she provided Defendants with all necessary, requested, and sufficient proof of her disability or sickness, which triggered and required MASS and Defendant's obligations to pay Nora benefits under the policy in the past, in the present and in the future.

11. Defendants have not paid Nora any of the past benefits she was entitled to receive, unreasonably and without justification or cause.

12.   On information and belief, Defendants have intentionally and wrongfully, and / or negligently and / or acted in conformity with their frequent general business practices, such that they have  engaged in unfair claim settlement practices, and neglected Nora's claim for disability insurance benefits resulting in the likelihood of imminent injury without a Judicial declaration as to Mass & Defendants' current and future conduct, in breach of the Policy, requiring future payment of benefits under the policy to Nora is at issue.

13. MASS and Defendants have not acted diligently to adjust and pay Nora's claim for benefits, in breach of their duty and obligation to pay her disability insurance benefits under the Policy and applicable laws.

14.  Nora alleges Mass and Defendants have no genuine basis to delay paying her benefits due under the policy, or any basis to dispute coverage.

15. Mass and Defendants conduct, as to not paying, not rejecting, and not settling Nora's claim for disability benefits under the Policy, on information and belief, is done in bad faith to frustrate the contract's actual benefits due to Nora.

16. Nora has performed all obligations which she has been required to perform under the Policy, except those requirements which she has been excused from performing.

17. The Policy provides for the recovery of the legal fees that Nora has incurred as she was required to engage Counsel to prosecute this action.

///

18.  An actual and present controversy exists, between Nora and Defendants relating to the legal rights, duties and obligations to one another under the Policy, from the present to the future.

19. Nora desires a Judicial declaration and determination of her and Mass and Defendants rights, obligations, and duties with respect to one another under the Policy.

20. The necessary and proper declarations and determinations sought are: (1) the nature, extent, and scope of Nora's disability and / or sickness; (2) Whether Nora has provided sufficient required evidence of her disability and / or sickness as required by the Policy to require Mass to provide her with benefits under the policy; (3) Whether Nora is required to provide any additional evidence, documents, and information to Defendants to allow Mass and Defendants to adjust her claim; (4) Whether Defendants have improperly delayed adjusting Nora's claim, and have withheld benefits due to Nora in the past, presently, and whether they can continue to do so into the future if the disability or sickness is permanent; (5) the amount of benefits if any, due to Nora as of the date of the Court's Judicial determination and the future benefits that will become due, (6) the scope and extent of Nora and Defendants other duties and obligations to one another under the Policy, based on the circumstances surrounding this case; and (7)  a determination of the funds which Defendants should disburse to Nora in the future, and which should have already been disbursed, as of the date of the Judicial determination, plus interest at the legal rate of 10% per annum from a date as determined by the Court; (8) whether Mass has treated Nora wrongfully in the claims settlement process of her disability claim; and (9) what are Mass and Defendants present and future obligations and duties to Nora.

21.  Additionally for such other and further relief, necessary and proper declarations and determinations as the Court may deem just and proper.

///

SECOND CAUSE OF ACTION

BREACH OF CONTRACT

AGAINST MASS & DOES 1 to 10

22. Plaintiff incorporates the allegations of paragraphs 1 to 21.

23. More than 60 days have elapsed after Nora provided Defendants with written proof of disability or sickness as defined by the Policy.

24. Within the last four years, Nora is informed and believes MASS has breached the terms of the Policy, by not paying her any benefits under the policy within the last three years.

25. Defendants have breached the contract by not paying Nora any of the benefits which are already due to her under the policy, even after she provided Defendants with all necessary, requested, and sufficient proof of her disability or sickness, which triggered and required MASS and Defendant's obligations to pay Nora benefits under the policy in the past, in the present and in the future.

26. Defendants have not paid Nora any of the past benefits she was entitled to receive, unreasonably and without justification or cause.

27. Nora has performed all obligations which she has been required to perform under the Policy, except those requirements which she has been excused from performing.

28. Nora has suffered general and special damages as the result of Mass and Defendants conduct within this Court's unlimited jurisdiction subject to proof at trial.

29. Mass and Defendants conduct as alleged above, is the proximate (legal) cause of damages to Nora.

30. The Policy provides for the recovery of the legal fees that Nora has incurred as she was required to engage Counsel to prosecute this action.

///

THIRD CAUSE OF ACTION

DAMAGES FOR UNREASONABLE & BAD FAITH INSURANCE CLAIM SETTLEMENT PRACTICES IN BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING AGAINST MASS & DOES 1 to 10

31. Plaintiff incorporates the allegations of paragraphs 1 to 19.

32. Defendants have not paid Nora any of the benefits which are due to her under the policy, even after she provided Defendants with all necessary and sufficient proof of her disability or sickness which satisfied MASS's obligation to pay Nora benefits under the policy.

33. Mass and Defendants have breached the terms of the Policy.

34. Benefits are due to Nora under the Policy.

35. Defendants have not paid Nora any of the past benefits she was entitled to receive, unreasonably and without cause, and are not paying any of the current benefits she is entitled to receive, and have not agreed to pay and will not likely pay Nora, any of the future benefits that will become due to Nora, which she will be entitled to receive in the future.

36. On information and belief, Defendants have intentionally and wrongfully, and / or negligently, engaged in unfair claim settlement practices, and neglected Nora's claim for disability insurance benefits.

37. MASS and Defendants have not acted diligently to adjust and pay Nora's claim for benefits, in breach of their duty and obligation to pay her disability insurance benefits under the Policy and applicable laws and Nora alleges Mass and Defendants have no genuine basis to delay paying benefits, to dispute coverage, or to not pay or settle Nora's claim for disability benefits under the Policy, and on information and belief have not paid her in bad faith to frustrate the contract's actual benefits due to Nora

38. MASS and Defendants have violated their duty and obligation to pay her disability insurance benefits under the Policy and applicable laws, within the meaning of Insurance Code § 790.3.

///

39. Nora has performed all obligations which she has been required to perform under the Policy, except those requirements which she has been excused from performing.

40. Nora has suffered general and special damages as the result of Mass and Defendants conduct within this Court's unlimited jurisdiction subject to proof at trial.

41. Mass and Defendants conduct as alleged above, is the proximate (legal) cause of damages to Nora.

42. The Policy provides for the recovery of the legal fees that Nora has incurred as she was required to engage Counsel to prosecute this action.

43. Plaintiff is also entitled to recover punitive damages against Mass and Defendants per Civil Code Section 3294 for their oppression, fraud and / or malice.

44. As to MASS and Defendants, each knew in advance that its claim settlement employees were unfit and employed them,  anyway with knowing disregard of the rights and / or safety of others. Mass and Defendants corporate officers ratified, adopted and approved the above conduct, both in advance and after it occurred.


WHEREFORE, Plaintiff prays for a Judgment of Declaratory Relief against all Defendants for:

1.   For issuance of necessary and proper Judicial determinations as set forth in paragraphs 20 and 21;
2.  Prejudgment interest at the rate of not less than the legal rate of 10% per annum from the date the Court determines benefits should have been paid, through the date of the Court's Judicial determination;
3.  For Attorney's fees per Civil Code § 1717 under the Policy (written contract);
4.  For costs of suit;
5.  For Punitive damages as to the Second Cause of Action;

///

6.  For such other and further relief as the Court deems just and proper.

DATED:   8-06-2021

Respectfully Submitted,



_____
Andrew P Altholz
Attorneys for Plaintiff

Electronically FILED by Superior Court of California, County of Los Angeles on 08/10/2021 08:08 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H.Flores-Hernandez, Deputy Clerk

Case 2:21-cv-09954-FLA-MAA   Document 1-1   Filed 09/10/21   Page 11 of 43   Page ID #:16

Andrew P Altholz SBN 152713
Attorney at Law
100 Wilshire Boulevard Ste 700 Santa Monica CA 90401-3602

TELEPHONE NO.: 310 451-0789     FAX NO. *(Optional):* 310 821-4905
ATTORNEY FOR *(Name):* Plaintiff

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N Hill St
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk courthouse

CASE NAME:
Haghparast Hassas vs Massachusetts Mutual  etc et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 21STCV29177 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[x] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:  8-6-21

Andrew P Altholz
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Haghparast Hassas vs Massachusetts Mutual etc et al. | CASE NUMBER: 21STCV29177 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Haghparast Hassas vs Massachusetts Mutual  etc et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Haghparast Hassas vs Massachusetts Mutual  etc et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Haghparast Hassas vs Massachusetts Mutual  etc et al. | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>8 Roseapple Road |
|---|---|
| CITY:<br>Rancho Palos Verdes | STATE:<br>CA | ZIP CODE:<br>90275 | |

**Step 5:  Certification of Assignment:**  I certify that this case is properly filed in the ___Stanley Mosk courthouse___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _8-6-21_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Brandie's Mims

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) "Bookmark"  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) "Efiling Portal"  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) "Electronic Envelope"  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) "Electronic Filing"  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1     e) "Electronic Filing Service Provider"   An Electronic Filing Service Provider (EFSP) is a

2      person or entity that receives an electronic filing from a party for retransmission to the Court.

3      In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4      agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5     f) "Electronic Signature"   For purposes of these local rules and in conformity with Code of

6      Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7      (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8      2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9      process attached to or logically associated with an electronic record and executed or adopted

10     by a person with the intent to sign the electronic record.

11     g) "Hyperlink"   An electronic link providing direct access from one distinctively marked place

12      in a hypertext or hypermedia document to another in the same or different document.

13     h) "Portable Document Format"   A digital document format that preserves all fonts,

14      formatting, colors and graphics of the original source document, regardless of the application

15      platform used.

16 2) MANDATORY ELECTRONIC FILING

17     a) Trial Court Records

18      Pursuant to Government Code section 68150, trial court records may be created, maintained,

19      and preserved in electronic format.  Any document that the Court receives electronically must

20      be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21      official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22     b) Represented Litigants

23      Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24      electronically file documents with the Court through an approved EFSP.

25     c) Public Notice

26      The Court has issued a Public Notice with effective dates the Court required parties to

27      electronically file documents through one or more approved EFSPs.  Public Notices containing

28      effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

d) Documents in Related Cases

    Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

    a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

    b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

    a) The following documents shall not be filed electronically:

        i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

        ii) Bonds/Undertaking documents;

        iii) Trial and Evidentiary Hearing Exhibits

        iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

        v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

    b) Lodgments

    Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

1   5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

2      Electronic filing service providers must obtain and manage registration information for persons

3      and entities electronically filing with the court.

4   6) **TECHNICAL REQUIREMENTS**

5      a)  Electronic documents must be electronically filed in PDF, text searchable format when

6          technologically feasible without impairment of the document's image.

7      b)  The table of contents for any filing must be bookmarked.

8      c)  Electronic documents, including but not limited to, declarations, proofs of service, and

9          exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10         3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked

11         item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12         bookedmarked item and briefly describe the item.

13      d)  Attachments to primary documents must be bookmarked.  Examples include, but are not

14         limited to, the following:

15          i)    Depositions;

16          ii)   Declarations;

17          iii)  Exhibits (including exhibits to declarations);

18          iv)  Transcripts (including excerpts within transcripts);

19          v)    Points and Authorities;

20          vi)  Citations; and

21          vii)  Supporting Briefs.

22      e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly

23         encouraged.

24      f)  Accompanying Documents

25         Each document acompanying a single pleading must be electronically filed as a separate

26         digital PDF document.

27      g)  Multiple Documents

28         Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

b) **Writs and Abstracts**

Writs and Abstracts must be submitted as a separate electronic envelope.

i) **Sealed Documents**

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) **Redaction**

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) **ELECTRONIC FILING SCHEDULE**

a) **Filed Date**

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) **EX PARTE APPLICATIONS**

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) **PRINTED COURTESY COPIES**

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i)   Any printed document required pursuant to a Standing or General Order;

      ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii)   Pleadings and motions that include points and authorities;

      iv)   Demurrers;

      v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi)   Motions for Summary Judgment/Adjudication; and

      vii)   Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) **WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS**

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1    1) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10    DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS







Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department,

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding (or demanding or requesting) party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
| --- | --- | --- |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
| --- | --- |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

STIPULATION – EARLY ORGANIZATIONAL MEETING

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

  h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

  i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ►_____
    (TYPE OR PRINT NAME)           (ATTORNEY FOR PLAINTIFF)

Date:

_____     ►_____
    (TYPE OR PRINT NAME)           (ATTORNEY FOR DEFENDANT)

Date:

_____     ►_____
    (TYPE OR PRINT NAME)           (ATTORNEY FOR DEFENDANT)

Date:

_____     ►_____
    (TYPE OR PRINT NAME)           (ATTORNEY FOR DEFENDANT)

Date:

_____     ►_____
    (TYPE OR PRINT NAME)           (ATTORNEY FOR _____)

Date:

_____     ►_____
    (TYPE OR PRINT NAME)           (ATTORNEY FOR _____)

Date:

_____     ►_____
    (TYPE OR PRINT NAME)           (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. **This document relates to:**

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. **Deadline for Court to decide on Request:** _____ (Insert date 10 calendar days following filing of the Request).

3. **Deadline for Court to hold Informal Discovery Conference:** _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STIPULATION AND ORDER – MOTIONS IN LIMINE

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

> ## ALTERNATIVE DISPUTE RESOLUTION (ADR)
> ## INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/09/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ H. Flores-Hernandez _____ Deputy |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV29177 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Michael P. Linfield | 34 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/09/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By H. Flores-Hernandez _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Massachusetts Mutual Life Insurance Company                                08/11/2021
Jennifer Antaya Senior Paralegal
MassMutual - Massachusetts Mutual Life Insurance Company
1295 State Street
Springfield MA 01111

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2021-181

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:** | Massachusetts Mutual Life Insurance Company |
|---|---|---|
| 2. | **Title of Action:** | Nora Haghparast Hassas vs. Massachusetts Mutual Life Insurance Company; et. al. |
| 3. | **Document(s) Served:** | Summons<br>Complaint<br>Civil Case Cover Sheet<br>First Amended Genral Order |
| 4. | **Court/Agency:** | Los Angeles Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 21STCV29177 |
| 7. | **Case Type:** | Declaratory Relief |
| 8. | **Method of Service:** | Email |
| 9. | **Date Received:** | Wednesday 08/11/2021 |
| 10. | **Date to Client:** | Wednesday 08/11/2021 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Friday 09/10/2021 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Andrew P. Altholz<br>Santa Monica, CA<br>310-451-0789 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Also Attached:<br>* Voluntary Efficient Litigation Stipulations<br>* Alternative Dispute Resolution (ADR) Information Package<br>* Notice of Case Assignment Unlimited Civil Case |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

Electronically FILED by Superior Court of California, County of Los Angeles on 09/09/2021 10:06 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

1   RYAN M. SALZMAN (SBN 299923)
    ryan.salzman@faegredrinker.com
2   FAEGRE DRINKER BIDDLE & REATH LLP
    1800 Century Park East, Suite 1500
3   Los Angeles, California  90067
    Telephone:    +1 310 203 4000
4   Facsimile:    +1 310 229 1285

5   Attorneys for Defendant
    MASSACHUSETTS MUTUAL LIFE INSURANCE
6   COMPANY

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF LOS ANGELES

10

11  NORA HAGHPARAST HASSAS,                    Case No. 21STCV29177

12                    Plaintiff,               **MASSACHUSETTS MUTUAL LIFE
                                               INSURANCE COMPANY'S ANSWER
13          v.                                 TO PLAINTIFF NORA HAGHPARAST
                                               HASSAS'S UNVERIFIED COMPLAINT**
14  MASSACHUSETTS MUTUAL LIFE
    INSURANCE COMPANY; DOES 1 to 10,
15
                      Defendants.
16

17          Defendant Massachusetts Mutual Life Insurance Company ("MassMutual" or

18  "Defendant") for itself alone and no other defendant, hereby answers, objects, and otherwise

19  responds to Plaintiff Nora Hassas's ("Hassas" or "Plaintiff") unverified Complaint ("Complaint")

20  as follows:

21                               **GENERAL DENIAL**

22          Pursuant to Code of Civil Procedure Section 431.30, MassMutual denies, both generally

23  and specifically, each and every allegation of the Complaint and further denies that Plaintiff has

24  been injured in any manner or amount or is entitled to any relief as alleged in the Complaint or

25  otherwise.

26                       **SEPARATE AND AFFIRMATIVE DEFENSES**

27          Without admitting any of the allegations in the Complaint, MassMutual alleges each of

28  the following as separate and additional defenses, without conceding that it has the burden of

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW

proof of any of them, and expressly reserving all of its rights to allege additional defenses, and/or seek leave of Court to amend to allege additional defenses, if and when facts supporting such defenses become known to it:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim)

1.     The Complaint, and each of the causes of action alleged therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.     The Complaint is barred, in whole or in part, by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.     Plaintiff is estopped from asserting any of the claims alleged against MassMutual in the Complaint as a result of Plaintiff's own conduct.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

4.     Plaintiff's Complaint is barred, in whole or in part, because MassMutual has fulfilled its obligations in good faith with due care, and any harm suffered by Plaintiff was not caused by any conduct on the part of MassMutual.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands as a result of Plaintiff's conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Full Performance)

6.     Plaintiff's Complaint is barred, in whole or in part, because, to the extent that MassMutual owed any obligations to Plaintiff, such obligations have been fully, completely, and properly performed in every respect.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Own Acts and Omissions)**

7.      Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's own acts and/or omissions concerning the matters alleged in the Complaint constitute carelessness, negligence, misconduct, or bad faith, or Plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were proximately caused and contributed to, in whole or in part, by Plaintiff's own conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate/Avoidable Consequences)**

8.      Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's unreasonable failure to take advantage of preventive or corrective opportunities or to otherwise mitigate or avoid the harm alleged in her Complaint, or by inviting her alleged damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

**(Intervening and/or Superseding Cause)**

9.      Plaintiff's Complaint is barred, in whole or in part, because, to the extent that some or all of Plaintiff's alleged damages, if any, were somehow triggered by the alleged acts or omissions of MassMutual, if any, there was a superseding and/or intervening cause of such damages for which MassMutual bears no obligation, responsibility, or liability.

**TENTH AFFIRMATIVE DEFENSE**

**(Fault of Others)**

10.      Plaintiff's Complaint is barred, in whole or in part, because any damages allegedly incurred by Plaintiff were caused by the acts and/or omissions of other persons and/or entities for which MassMutual is not legally responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Conditions Precedent)**

11.      Plaintiff's Complaint is barred, in whole or in part, by her failure to satisfy conditions precedent or other terms of the Policy.

1

### TWELFTH AFFIRMATIVE DEFENSE

2

#### (Unjust Enrichment)

3    12.    Plaintiff's claims are barred because a remedy thereon would constitute unjust

4  enrichment, as MassMutual correctly applied the terms and conditions of the Policy to Plaintiff's

5  claim.

6

### THIRTEENTH AFFIRMATIVE DEFENSE

7

#### (Punitive Damages Unavailable)

8    13.    Plaintiff fails to allege facts establishing a lawful basis for the award of punitive

9  damages.

10

### FOURTEENTH AFFIRMATIVE DEFENSE

11

#### (Punitive Damages Unconstitutional)

12    14.    Plaintiff is not entitled to recover punitive damages under the Complaint because

13  such an award would violate MassMutual's rights under the Constitution of the United States and

14  the Constitution of the State of California, including but not limited to MassMutual's rights to: (1)

15  procedural due process under the Constitution of the State of California and the Fourteenth

16  Amendment of the Constitution of the United States of America; (2) protection from excessive

17  fines as provided in the Eighth Amendment of the Constitution of the United States of America,

18  and Article I, Section 17 of the Constitution of the State of California; and (3) substantive due

19  process as provided in the Constitution of the State of California and the Fifth and Fourteenth

20  Amendments of the Constitution of the United States of America.

21

### FIFTEENTH AFFIRMATIVE DEFENSE

22

#### (Statute of Limitations)

23    15.    Plaintiff's Complaint, and each cause of action alleged therein, is barred by the

24  applicable statute of limitations, including but not limited to California Code of Civil Procedure

25  section 335.1, 337, 338, 339, 340 and/or 343.

26

### SIXTEENTH AFFIRMATIVE DEFENSE

27

#### (Attorneys' Fees)

28    16.    Plaintiff has failed to state a claim upon which attorneys' fees can be awarded.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Reservation of Rights; Other Defenses)**

17.     Defendant does not currently have sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses or claims. Defendant expressly reserves the right to assert additional affirmative defenses, matters in avoidance, counterclaims, or cross-complaints that may be disclosed during the course of additional investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, MassMutual prays that:

1.     Plaintiff take nothing by reason of the Complaint;

2.     Plaintiff's Complaint be dismissed in its entirety with prejudice and that judgment be entered in favor of MassMutual;

3.     MassMutual be awarded costs and attorney's fees; and

4.     MassMutual be awarded such other and further relief as this Court may deem just and proper.

Dated:  September 9, 2021                    FAEGRE DRINKER BIDDLE & REATH LLP

By: _____
        Ryan M. Salzman

Attorneys for Defendant
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

## <u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within entitled action; my business address is 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

On September 9, 2021, I served the foregoing **"MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF NORA HAGHPARAST HASSAS'S UNVERIFIED COMPLAINT"** on the interested parties, by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Andrew P. Altholz, Esq.
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401-3602
(310) 451-0789; Fax - (310) 821-4905
andrewpaltholz@msn.com

**Attorney for Plaintiff**
**NORA HAGHPARAST HASSAS**

☒ (BY MAIL)  I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of collection and processing mail.  Under that practice, it is deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter dates is more than one day after date of deposit for mailing in affidavit.

☐ (OVERNIGHT COURIER)  I caused such envelope to be transmitted via Overnight Courier to the offices of the addressee(s).

☐ (VIA ELECTRONIC SERVICE)  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (BY PERSONAL SERVICE)  I delivered such envelope by hand to the addressee(s) above.

☒ (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated:   September 9, 2021

_Wilhelmina K. Ackart_
Wilhelmina K. Ackart